3611



# The Attorney General

# of Texas

### Austin 11, Texas

**WILL WILSON**
**ATTORNEY GENERAL**

November 18, 1959

Honorable Price Daniel
Governor, State of Texas
Capitol Station
Austin, Texas

Opinion No. WW-729

Re: Constitutionality of S.B.
17, 56th Leg., creating
the Texas Coordinating
Commission of State Health
& Welfare Services.

Dear Governor Daniel:

Your request for an opinion reads as follows:

"Attached herewith is a copy of Senate
Bill 17, creating the Texas Coordinating
Commission for State Health and Welfare
Services, which I permitted to become law
without my signature.

"I would appreciate your official
opinion regarding the constitutionality of
this law, with particular reference to
whether it would violate Article 2, Section
1, relating to the division of powers be-
tween the Executive and Legislative depart-
ments of the State government."

Senate Bill 17, Acts of the 56th Legislature, Regular
Session, 1959, Chapter 352, Page 773 (codified in Vernon's
as Article 4447c, Vernon's Civil Statutes), creates the Texas
Coordinating Commission for State Health and Welfare Services
to be composed of the following persons:

"(a) The Commissioner of Health, the
Commissioner of Education, the Executive
Director of the Board for Texas State Hos-
pitals and Special Schools, the Chairman
of the Texas Employment Commission, the
Commissioner of Public Welfare, the Execu-
tive Secretary-Director of the State Commis-
sion for the Blind, and the Executive Di-
rector of the Texas Youth Council;

"(b) Three members of the Senate appointed by the Lieutenant Governor;

"(c) Three members of the House of Representatives appointed by the Speaker of the House;

"(d) Three citizen members appointed by the Governor and chosen for their recognized interest in welfare activities of the state, local governments, and private agencies.

"The terms of members of the Commission first appointed shall be from the date of their appointment to December 31, 1960, and appointments thereafter shall be for two-year periods ending on December 31 of even-numbered years."

Section 5 provides that members of the Commission shall serve without compensation but members of the Commission who are members of the Legislature shall be reimbursed for their actual and necessary expenses from the Texas Legislative Council funds.

It is noted that the Legislature has created a State agency composed of a collection of persons being of the Executive Department of Government and a collection of persons being of the Legislative Department of Government.

Section 1 of Article II of the Constitution of Texas provides as follows:

"The powers of the Government of the State of Texas shall be divided into three distinct departments, each of which shall be confided to a separate body of magistracy, to wit: Those which are Legislative to one; those which are Executive to another, and those which are Judicial to another, and no person or collection of persons, being of one of these departments, shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted." (Emphasis ours).

It is noted that Section 1 of Article II above quoted specifically prohibits any person or collection of persons being of one such department from exercising any power properly attached to either of the others.

In Cooley's Constitutional Limitations, 8th Ed., p. 183, it is stated:

> "The legislative power we understand to be the authority, under the Constitution, to make laws, and to alter and repeal them. Laws in the sense in which the word is here employed, are rules of civil conduct, or statutes, which the legislative will has prescribed. 'The laws of a State,' observes Mr. Justice Story, 'are more usually understood to mean the rules and enactments promulgated by the legislative authority thereof, or long-established local customs having the force of laws.' 'The difference between the departments undoubtedly is, that the legislature makes, the executive executes, and the judiciary construes, the law.'" (Citing Waymand v. Southard, 10 Wheat. 46 6 L.Ed. 253, 263, 1825).

The senators and representatives appointed to the Commission serve in their official capacities as members of the Legislature. In view of the provisions of Section 1 of Article II, the senators and representatives are thus prohibited from exercising any powers properly attached to the Executive Department of Government. The Commissioner of Health, the Commissioner of Education, the Chairman of the Texas Employment Commission and the Commissioner of Public Welfare, being members of the Executive Department of Government, are likewise prohibited from exercising any power properly attached to the Legislative Branch of Government.

The duties of the Commission are set forth in Section 6 as follows:

> "(1) To make a continuing study and analysis of the state's health and welfare services generally and specifically, both as to cost and adequacy;

> "(2) To study diagnostic services, care, training, educational and rehabilitation programs for the handicapped;

"(3) To recommend long-range programs to be carried out by the several state departments, institutions, and agencies having health and welfare functions.

"(4) To inspect and make recommendations specifically concerning state institutions and facilities for the mentally and physically handi-capped;

"(5) To recommend the elimination of dupli-cation of services between agencies or recommend the institution of additional services;

"(6) To study and determine the need for changes in the laws as they apply to the care, education, training and rehabilitation of the handicapped;

"(7) To determine the need for changes in administrative procedure and to recommend such changes to the agencies and departments con-cerned;

"(8) To examine from year to year, the ade-quacy, coverage and administration of old age assistance and assistance programs for the blind, the permanently and totally disabled, and dependent children; and

"(9) To make recommendations to the Legisla-ture concerning the matters covered in Items (1) through (8) for its consideration."

It is noted that the Commission constitutes something more than a Committee of Legislators to study proposed legis-lation for the Legislature; cf. Terrell v. King, 118 Tex. 237, 14 S.W.2d 786 (1929) and M.K. & T. Railway Co. v. Shannon, 100 Tex. 379, 100 S.W. 138 (1907). Insofar as the Commission is required to study proposed legislation and to make recom-mendations to the Legislature, such Commission would be acting as a fact finding committee for the Legislature and would be performing powers properly attached to the Legislative Depart-ment. Insofar as the Commission is required to study and ana-lyze services rendered by other agencies of the State and to make recommendations as to such services to the various depart ments of Government, such Commission would be performing power properly attached to the Executive Department of Government.

Thus, the provisions of Senate Bill 17 require a collection of persons being of one Department of Government to exercise powers properly attached to another Department of Government.

Subdivisions (a), (b) and (c) of Section 1 of Senate Bill 17 are in violation of Section 1 of Article II of the Constitution of Texas. Such invalidity destroys the agency created by Senate Bill 17 and the remaining provisions of the Act are incapable of being carried out. You are, therefore, advised that Senate Bill 17, Acts of the 56th Legislature, Regular Session, 1959, Chapter 352, page 773, violates the provisions of Section 1 of Article II of the Texas Constitution and is unconstitutional.

## SUMMARY

Senate Bill 17, Acts of the 56th Legislature, Regular Session, 1959, Chapter 352, page 773 (codified as Article 4447c, Vernon's Civil Statutes), creating the Texas Coordinating Commission for State Health and Welfare Services, to be composed of officers of the Executive Branch of Government and officers of the Legislative Branch of Government, violates the provisions of Section 1 of Article II of the Constitution of Texas, prohibiting any person or collection of persons being of one department of government, from exercising any power properly attached to either of the others.

Yours very truly,

WILL WILSON
Attorney General of Texas

By *John Reeves*
John Reeves
Assistant

JR:mfh

3616

APPROVED:

OPINION COMMITTEE
Morgan Nesbitt, Chairman

Grundy Williams

William R. Hemphill

Riley Eugene Fletcher

REVIEWED FOR THE ATTORNEY GENERAL
BY:  W. V. Geppert